**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1568C (Pro Se)
(Filed: February 23, 2017 | Not for Publication)

|  |  |  |
|---|---|---|
| DANIEL C. PATILLO, | ) | Keywords: Pro Se Complaint; Tucker Act; Longshore and Harbor Workers' Compensation Program. |
| Plaintiff, | ) | |
| v. | ) | **FILED** |
| THE UNITED STATES, | ) | FEB 2 3 2017 |
| Defendant. | ) | U.S. COURT OF FEDERAL CLAIMS |

*Daniel C. Patillo*, Newport, OR, Plaintiff Pro Se.

*Kelly A. Krystyniak*, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, for Defendant, with whom were *L. Misha Preheim*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joyce R. Branda*, Deputy Assistant Attorney General.

## OPINION AND ORDER

**KAPLAN, Judge.**

The pro se plaintiff in this case, Daniel C. Patillo, filed a document, which the Clerk of Court deemed a complaint, on November 23, 2016. See Docket No. 1. The document is hard to decipher and does not appear to contain a cause of action or clear prayer for relief. On January 23, 2017, the government moved to dismiss the complaint for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. Docket No. 6. For the reasons discussed below, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and Mr. Patillo's complaint is **DISMISSED** without prejudice.[1]

## BACKGROUND

Mr. Patillo's allegations seem to relate to claims under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–50, which is administered by the United States Department of Labor.[2] See, e.g., Compl. at 1. Pursuant to that Act, after a claim is filed with a

---

[1] Mr. Patillo also filed a motion for leave to proceed in forma pauperis. Docket No. 5. That motion is **GRANTED** solely for purposes of dismissing the complaint.

[2] The Longshore and Harbor Workers' Compensation Program is one of the Department of Labor's "four major disability compensation programs which provide wage replacement

deputy commissioner in the compensation district in which the employee was injured, the claimant, his employer, or any other interested party may request a hearing before an administrative law judge. 33 U.S.C. § 919. The administrative law judge then makes a determination regarding the claimant's entitlement to disability compensation. See id. If a party is dissatisfied with the administrative law judge's decision, that party may appeal the decision to the Benefits Review Board. Id. § 921(b). The Benefits Review Board is a five-member administrative appeals body which determines whether decisions of administrative law judges are supported by substantial evidence and are in accordance with law. Id. Parties may petition for review of final orders of the Benefits Review Board "in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order." Id. § 921(c).

In his complaint, Mr. Patillo appears to make references to administrative law judges and proceedings before the Benefits Review Board. See Compl. at 1. He also makes assertions regarding numerous lawyers and doctors involved in those proceedings. See id. Mr. Patillo alleges "unconstitutional unethical conduct" and "error[s]/mistakes," and appears to claim that one of his previous lawyers was disbarred. Id. at 2. Additionally, he alleges that he received "payment out of [the] Special Fund by [the] US Labor Department of Seattle WA in 1988-89." Id. at 3.

As best the Court can understand, Mr. Patillo seems to be asserting that his disbarred attorney "did not inform[]" him of interactions between the Department of Labor and a Dr. Worthington. Id. Mr. Patillo also appears to allege that the Department of Labor's Seattle-based director made a "decision based on unethical conduct" and that "cut[ting off] all medical service for Plaintiff in March of 2011 . . . was unconstitutional." Id. Further, Mr. Patillo alleges that two administrative law judges incorrectly determined that they did not have jurisdiction over his claims. Id. at 4. He also asserts that a 2016 decision issued by the Benefits Review Board, in which it also concluded that it lacked jurisdiction, was incorrect and somehow tainted by improper actions by Mr. Patillo's former attorneys and violated Mr. Patillo's "rights under the 13th [and] 14th [amendments to the] [C]onstitution and due process." Id.

Mr. Patillo's claims in this case may relate back to an injury he suffered while working for a private employer in Portland, Oregon, in 1988. See Def.'s Mot. to Dismiss Pro Se Compl. at 2. Thus, in 1995, an administrative law judge awarded Mr. Patillo permanent total disability and medical benefits under the Longshore and Harbor Workers' Compensation Act based on injuries he incurred when he fell while working in the hold of a ship. Patillo v. Dir., Office of Workers' Comp. Programs, BRB No. 01-0570, 2002 WL 34716075, at *1 (Mar. 21, 2002).

---

benefits, medical treatment, vocational rehabilitation and other benefits to certain workers . . . who experience work-related injury." Office of Workers' Compensation Programs, United States Department of Labor, https://www.dol.gov/owcp/owcpabot.htm (last visited Feb. 23, 2017). The Division of Longshore and Harbor Workers' Compensation provides "technical assistance, dispute resolution services and oversee[s] benefit delivery by the self-insured employers and insurance carriers." Division of Longshore and Harbor Workers' Compensation, United States Department of Labor, https://www.dol.gov/owcp/dlhwc/ (last visited Feb. 23, 2017).

Because his employer was uninsured, the Department of Labor assumed liability for Mr. Patillo's benefits and made payments out of the Special Fund. Id. (citing 33 U.S.C. § 918(b)).

In 2014, Mr. Patillo submitted an offer to the Director of the Department of Labor's Office of Workers' Compensation Programs to settle and close out his entitlement to future medical benefits for a lump sum of $2,356,629.60. Patillo v. Houston Ship, Inc., BRB No. 16-0203, https://www.dol.gov/brb/decisions/lngshore/unpublished/Sept16/16-0203.htm (Sept. 13, 2016). He also filed a request for a hearing before an administrative law judge. Id. The Director declined Mr. Patillo's offer and moved for a summary decision from the administrative law judge. Id. The administrative law judge granted the motion and dismissed Mr. Patillo's claim, finding that he lacked authority to order the Special Fund to agree to a settlement. Id. Mr. Patillo then filed an appeal with the Benefits Review Board. Id. It affirmed the administrative law judge's decision on September 13, 2016. Id.

## DISCUSSION

In determining whether the Court has subject matter jurisdiction, it accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, if a movant disputes the basis of the Court's jurisdiction, the allegations in the complaint are not controlling and the Court may review evidence extrinsic to the pleadings. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993).

It is well-established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, a plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Therefore, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quotation and citation omitted)).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (stating that a "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

Here, the Court lacks subject matter jurisdiction over Mr. Patillo's complaint. He fails to identify any constitutional, statutory, regulatory, or contractual basis for a right to money damages from the United States. In other words, he fails to plead the existence of a separate source of substantive law giving rise to Tucker Act jurisdiction. Neither the Thirteenth nor Fourteenth Amendments are money-mandating sources of substantive law. Johnson v. United States, 79 Fed. Cl. 769, 774 (2007) (Thirteenth Amendment); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment). Moreover, to the extent Mr. Patillo is asserting claims against individuals, such as the Director who oversees the Special Fund, or the attorneys and physicians involved in his workers' compensation case, those claims must be dismissed as the Court has no jurisdiction over claims against any defendant other than the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); Jiron v. United States, 118 Fed. Cl. 190, 198–99 (2014) ("It is well settled that the United States is the only proper defendant in the United States Court of Federal Claims." (quotation omitted)). Thus, because Mr. Patillo has failed to allege a substantive source of law creating the right to recovery of money damages from the United States, the Court lacks subject matter jurisdiction over his complaint.

Additionally, it appears that what Mr. Patillo is actually seeking is a review of the decision of the Benefits Review Board. Decisions of the Benefits Review Board, however, are only appealable to the court of appeals for the circuit in which the underlying work injury occurred. 33 U.S.C. § 921(c). The Court of Federal Claims is not a court of appeals. Therefore, the Court lacks jurisdiction to review the Board's decision.[3]

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss is **GRANTED** and the complaint is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

---

[3] The federal statute authorizing the transfer of a case to cure a want of jurisdiction, 28 U.S.C. § 1631, does not provide a basis for the Court to transfer Mr. Patillo's complaint to the appropriate court of appeals. That statute requires a court to transfer an action over which it lacks subject matter jurisdiction to a court in which the action could have been brought at the time it was originally filed, when doing so is in the interest of justice. Id. Mr. Patillo's complaint, however, could not have been brought in the court of appeals at the time it was filed here. Petitions for review of a decision of the Benefits Review Board must be filed in the court of appeals "within sixty days following the issuance of such Board order." 33 U.S.C. § 921(c); see also Felt v. Dir., Office of Workers' Comp. Programs, 11 F.3d 951, 952 (9th Cir. 1993) (holding that sixty-day time limit of 33 U.S.C. § 921(c) is a jurisdictional requirement). The Board's decision issued September 13, 2016. See Patillo, BRB No. 16-0203. The sixty-day window therefore closed November 12, 2016. Mr. Patillo's complaint was not filed in the Court of Federal Claims until November 23, 2016. Docket No. 1. It thus could not have been brought in the court of appeals at that time.

IT IS SO ORDERED.

_____
ELAINE D. KAPLAN
Judge